COMMONWEALTH *vs.* FRANK M. MERRILL.

Middlesex.     January 20, 1913. — June 16, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & DE COURCY, JJ.

*Beneficiary Association. Evidence,* Official copies.

R. L. c. 119, § 13, providing for the filing with the insurance commissioner by a foreign fraternal beneficiary corporation of a copy of its constitution, before this statute was amended by St. 1911, c. 628, § 16, did not apply to unincorporated foreign beneficiary associations, and consequently, if a copy of the constitution of such an unincorporated association was filed under that statute, it did not become a public record, of which by R. L. c. 175, § 74, an attested copy would be competent evidence in all cases where the original would have been competent.

A copy of the by-laws of an unincorporated foreign beneficiary association, which R. L. c. 119, § 12, as amended by Sts. 1903, c. 332, 1909, c. 407, provides shall be filed with the insurance commissioner whenever he shall so require in writing upon a claim of such association to be exempt from the provisions of R. L. c. 119, is not made by that statute alone or in connection with R. L. c. 175, § 74, competent as evidence in place of the original. In the present case a document purporting to be a copy of the constitution of an unincorporated foreign beneficiary association, which was held to have been admitted in evidence erroneously, was shown to have been received by the insurance commissioner when requested by him but before the association had made any claim to exemption from the provisions of R. L. c. 119.

INDICTMENT, found and returned in the Superior Court on January 5, 1912, charging that the defendant, in violation of the provisions of R. L. c. 119, § 16, amended by St. 1907, c. 472, and St. 1910, c. 296, on June 11, 1911, solicited and assisted in procuring membership in and aided in the transaction of business for the Order of Owls, an unincorporated organization transacting the business of providing for the payment of benefits in the case of death or disability and not authorized to do such business in this Commonwealth.

The defendant was tried before *McLaughlin*, J. The jury returned a verdict of guilty; and the defendant alleged exceptions, including an exception to the admission in evidence of a document purporting to be a copy of the constitution of the Order of Owls, as well as other exceptions which have become immaterial.

The case was argued at the bar in January, 1913, before *Rugg*, C. J., *Morton, Loring, Braley,* & *Sheldon,* JJ., and afterwards was submitted on briefs to all the justices.

*J. F. Cavanagh,* for the defendant.

*J. J. Higgins,* District Attorney, for the Commonwealth.

LORING, J. The defendant was indicted for a violation of R. L. c. 119, § 16 (amended by Sts. 1907, c. 472, and 1910, c. 296). The first count charged that he "did solicit membership for the Order of Owls, an organization transacting the business of providing for the payments of benefits in the case of death and disability, said Order of Owls not being authorized to do said business in this Commonwealth." There were two further counts charging him with aiding in procuring membership and aiding in the transaction of business for the same order.

Admittedly the Order of Owls had not conformed to the provisions of R. L. c. 119. The Commonwealth contended that it conducted its business of insurance as a business enterprise and for profit, and for that reason was not exempted from conforming to the provisions of R. L. c. 119. See R. L. c. 119, § 12, amended by Sts. 1903, c. 332; 1909, c. 407; 1910, c. 339. Not having conformed to R. L. c. 119, and not being exempt from so doing, the Order, by R. L. c. 119, § 13, amended by Sts. 1907, c. 471, and 1910, c. 98, was forbidden by R. L. c. 119, § 13 (amended by Sts. 1907, c. 471, and 1910, c. 98), to transact business in this Commonwealth.

For the purpose of proving that the Order of Owls conducted its business of insurance as a business enterprise or for profit, the Commonwealth was allowed to put in evidence what purported to be a copy of its constitution without testimony from a witness that the copy introduced in evidence was in fact a copy of the constitution of that order. Attached to the copy put in evidence was a written statement signed by one Beroth as Supreme Secretary, Order of Owls, that the copy in question was a correct copy of its constitution. But that was hearsay evidence and no more competent than if a witness had testified that Beroth had said that the copy in question was a correct copy.

There is nothing in the record or in the brief of the District Attorney which indicates the ground on which this copy was admitted in evidence. But we assume from the argument of the defendant that it was admitted on the ground that the doctrine put forward in *Commonwealth* v. *Corkery,* 175 Mass. 460; applied to a copy of by-laws filed with the insurance commissioner by a beneficiary organization under R. L. c. 119, § 12, as amended by Sts. 1903, c. 332, and 1909, c. 407. We speak of R. L. c. 119, c. 12, as amended by Sts. 1903, c. 332, and 1909, c. 407, because St. 1910, c. 339, referred to in the defendant's brief had not been enacted when the constitution of the Order of Owls was filed on March 14, 1910. The act under which we assume that the copy of the constitution of the Order of Owls was admitted in evidence provides that the recording officer of any organization claiming an exemption under R. L. c. 119, § 12, shall file with the insurance commissioner a certified copy of its by-laws whenever he shall so require in writing. The

doctrine put forward in Commonwealth v. Corkery, ubi supra, was that the statute (St. 1884, c. 330, now R. L. c. 126, §§ 4, 5 and 6) which requires every foreign corporation, except insurance corporations, before transacting business in the Commonwealth to appoint the commissioner of corporations its attorney to accept service of process, and to file with him a copy of its charter, was intended to provide not only for subjecting foreign corporations, except insurance corporations, doing business in the Commonwealth to legal process, but also to provide for ready proof (1) of the fact that they were corporations, and (2) of the terms of their charters. And consequently the copy of the charter so filed was primary evidence for the purposes of this State of the charter of such foreign corporations.

There was a statute like the statute in question in Commonwealth v. Corkery, which applied to foreign beneficiary corporations when the copy of the constitution of the Order of Owls here in question was filed with the insurance commissioner. That statute was R. L. c. 119, § 13.*  It applied to corporations and to corporations only, and did not include foreign beneficiary organizations which, like the Order of Owls, were not incorporated.

But R. L. c. 119, § 12, as amended by Sts. 1903, c. 332, and 1909, c. 407 (under which we assume that the copy of the constitution of the Order of Owls was admitted in evidence in the case at bar), is not a like statute. The provision in question requiring the recording officer of any organization claiming an exemption under R. L. c. 119, § 12, to file with the insurance commissioner a certified copy of its by-laws whenever he so requires in writing, originated in St. 1903, c. 332. From 1877 down the Legislature had by a number of acts regulated the business of fraternal beneficiary organizations. Beginning with 1896, a number of particular fraternal beneficiary organizations had been allowed to transact business in the Commonwealth "without otherwise conforming" to those regulations. See Sts. 1896, c. 136; 1898, c. 474, § 12; 1899, c. 442, § 17; 1901, c. 422, § 17; R. L. c. 119,

---

* Since the copy of the constitution of the Order of Owls here in question was filed with the insurance commissioner, R. L. c. 119, § 13, has been amended and it now applies to unincorporated foreign fraternal beneficiary associations, as well as to corporations of that nature. See St. 1911, c. 628, § 16.

§ 12. When further fraternal beneficiary associations were exempted by St. 1903, c. 332, amending R. L. c. 119, § 12, from "otherwise conforming to the provisions of this chapter," the provision here in question was added, namely: "The recording officer of any organization claiming exemption under this section shall file a certified copy of its by-laws with the insurance commissioner whenever he shall so require."

It is manifest that the object of this amendment of R. L. c. 119, § 12, was to give to the insurance commissioner ( if in a particular case a beneficiary organization claimed to be exempt under this section from "otherwise conforming to the provisions of" R. L. c. 119) the means of determining whether its claim of exemption was or was not well taken. It was not intended to make a new source of providing evidence for this State of the by-laws of the organizations included in R. L. c. 119, § 12. That act (R. L. c. 119, § 12) applies to domestic as well as to foreign beneficiary organizations in the first place. In the second place the requirement in question is not that all the organizations covered by the section (R. L. c. 119, § 12) shall file their by-laws with the insurance commissioner, but only those required to do so by the insurance commissioner. And finally it is not the charter of the corporations and the articles of agreement of the unincorporated associations which have to be filed, but the by-laws. It is the "by-laws" which are to be filed because it is in the by-laws that the provisions in which the exemptions specified in R. L. c. 119, § 12, would be likely to be found. It could not have been the intention of the Legislature when by St. 1903, c. 332, it added this provision to R. L. c. 119, § 12, to provide that the by-laws of a domestic fraternal beneficiary corporation or association could be proved by producing a copy of its by-laws filed with the insurance commissioner under R. L. c. 119, § 12, as amended by St. 1903, c. 332. And yet if that act is an act within the doctrine of *Commonwealth* v. *Corkery,* 175 Mass. 460, that result necessarily would ensue.

It may be doubted whether the evidence at the trial of the case at bar warranted the judge in admitting this copy, even if a copy filed under R. L. c. 119, § 12, as amended by St. 1903, c. 332, comes within the doctrine of *Commonwealth* v. *Corkery.* Before the copy of the constitution was admitted, the insurance com-

missioner had testified that he received the copy admitted in evidence in answer to a request made by him upon the secretary for a copy of the constitution.  But there had been no evidence at that time that the Order of Owls had claimed that it was exempt from conforming to the provisions of R. L. c. 119.  Not only that, but later on the insurance commissioner, in answer to the question: "In consequence of that [its claim of exemption] did he file this by-law, or were they filed before?" testified that it was "filed before."  It is plain therefore that the constitution admitted in evidence was not filed by the Order of Owls because it was required to do so by the insurance commissioner as an organization claiming exemption under R. L. c. 119, § 12.

But a majority of the court are of opinion that a copy of by-laws filed with the insurance commissioner under R. L. c. 119, § 12, as amended by Sts. 1903, c. 332, and 1909, c. 407, is not made by that statute alone or in connection with R. L. c. 175, § 74, primary evidence of the by-laws for the purposes of this State, and they have preferred to put their decision on the broader ground.

The entry must be

*Exceptions sustained.*